**Anthony PIZZOLATO, Plaintiff,**

v.

**Harold BAER, Judge, Cyrus Rizzo, the City of New York Board of Education, City of New York, Alfred Digeronimo, H. Lieblich & Company, Inc., Workmen's Compensation Board, New York State, Joseph A. Porcell, Frank D. Valenti, Defendants.**

**No. 82 CIV 5099 (LBS).**

United States District Court, S.D. New York.

Nov. 15, 1982.

Anthony Pizzolato, pro se.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for defendant Harold Baer, Judge.

Andrea G. Iason, Henriette B. Frieder, Howard B. Friedland, Asst. Attys. Gen., New York City, for Workmen's Compensation Bd.

Frederick A. O. Schwarz, Jr., Corp. Counsel, City of New York, Gregg M. Mashberg, Robert D. Slingsby, Asst. Corp. Counsels, New York City, for defendants City of New York and New York Bd. of Educ.

Leahey & Johnson, P.C., Michael Conforti, New York City, for defendant Cyrus Rizzo.

## OPINION

SAND, District Judge.

This *pro se* action brought pursuant to 42 U.S.C. § 1983 seeks monetary relief from a number of defendants whose allegedly conspiratorial actions are said to have prejudiced plaintiff with regard to a state court civil trial in 1964. Various defendants have moved to dismiss and for the reasons set forth below, the motions are granted.

 According to plaintiff, Judge Harold Baer presided at the trial of plaintiff's malpractice action, set aside as excessive an award of $47,000 and offered plaintiff a reduced award of $22,500. Plaintiff states that he elected to proceed to a retrial and the case was thereafter settled. The Attorney General of the State of New York is correct in his assertion, on behalf of Judge Baer, that he enjoys absolute immunity from civil liability for the claims asserted here arising out of his judicial acts. Further, it is clear that this claim relating to acts of Judge Baer in 1965 has long been time barred. The City of New York is also named as a defendant and moves to dismiss on the grounds that any claims against it are time barred. The City is correct and its motion is granted.

Defendant Dr. Cyrus Rizzo is alleged to have negligently operated on plaintiff's leg on January 10, 1962 and to have denied plaintiff crutches which he needed. Here, the statute of limitations and lack of diversity of citizenship would bar any state law claims and no basis for a federal claim against Dr. Rizzo appears. Any such claim would also be time barred.

Plaintiff has named as a defendant the Workmen's Compensation Board which asserts that it has never been served with either the summons or complaint in this action. The allegations relating to the Board are not clear but appear to relate to proceedings before the Board in 1962. The Board asserts that its actions are not subject to review in an action in this Court. The matter need not be decided because of the other jurisdictional infirmities (lack of service, specific allegations and timeliness). The Board's motion to dismiss is granted.

We recognize that a pro se pleading must be read in a spirit of liberality. We have searched plaintiff's papers in vain for a claim that might lie in this Court which is not time barred or otherwise precluded. Finding no such claim, the complaint is dismissed.

SO ORDERED.